# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

v.  Criminal Action No. 1:14-cr-66-5

**JESSICA EARNEST,**
    **Defendant.**

## OPINION/REPORT AND RECOMMENDATION
## CONCERNING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Jessica Earnest, in person and by counsel, Jeff Harris, appeared before me on November 20, 2014. The Government appeared by Shawn Morgan, its Assistant United States Attorney. The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count Thirteen of the Indictment.

The Court proceeded with the Rule 11 hearing by first placing Defendant under oath.

The Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court asked counsel for the Government to summarize the written plea agreement and also asked counsel for the Government if the agreement was the sole agreement offered to Defendant. The Government responded that it was and counsel for Defendant concurred. Defendant stated that the agreement as summarized by counsel for the Government was correct and complied with her understanding of the agreement. The Court **ORDERED** the written plea agreement filed.

The Court then inquired of Defendant whether she was a citizen of the United States. Defendant responded that she is a citizen. The undersigned asked Defendant whether she understood that if she were not a citizen of the United States, by pleading guilty to a felony charge she would

be subject to deportation at the conclusion of any sentence; that she would be denied future entry into the United States; and that she would be denied citizenship if she ever applied for it. Defendant stated that she understood.

The Court inquired of Defendant concerning her understanding of her right to have an Article III Judge hear the entry of her guilty plea and her understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant stated in open court that she voluntarily waived her right to have an Article III Judge hear her plea and voluntarily consented to the undersigned Magistrate Judge hearing her plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of her counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Jessica Earnest, only after having had her rights fully explained to her and having a full understanding of those rights through consultation with her counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned then reviewed with Defendant Count Thirteen of the Indictment and the elements the Government would have to prove, charging her with aiding and abetting the possession with intent to distribute a controlled substance analogue, in violation of 21 U.S.C. §§ 841(a)(1),

841(b)(1)(C), and 18 U.S.C. § 2. The undersigned then reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charges contained in Count Thirteen of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to her competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against her and understood the possible statutory maximum sentence which could be imposed upon her conviction or adjudication of guilty on that charge was imprisonment for a term of not more than twenty (20) years; understood that a fine of not more than $1,000,000.00 could be imposed; understood that both fine and imprisonment could be imposed; understood she would be subject to a period of at least three (3) years supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. She also understood that her sentence could be increased if she had a prior firearm offense, violent felony conviction, or prior drug conviction. She also understood she might be required by the Court to pay the costs of her incarceration and supervised release.

The undersigned also reviewed with Defendant her waiver of appellate and collateral attack rights as follows:

Ct.  Do you understand that under 18 U.S.C. § 3742, you have a right to appeal your conviction and sentence to the Fourth Circuit Court of Appeals provided that you give 14 days' notice of intent to appeal after sentencing?

Def.  Yes.

Ct.     Do you also understand that under 28 U.S.C. § 2255, you may collaterally attack or challenge your sentence and how it's being carried out by filing what is commonly called a writ of habeas corpus motion?

Def.     I understand that.

Ct.     Do you understand that under your plea agreement, you are giving up your right to directly appeal your actual sentence and your conviction to the Fourth Circuit Court of Appeals?

Def.     I do.

Ct.     Do you also understand that, except for any evidence of prosecutorial misconduct or any evidence of ineffective assistance of counsel–

Def.     I do.

Ct.     –you are giving up completely your right to file any–let me start that over.

Def.     Yea, you lost me.

Ct.     I'm sure I did. I lost myself. I'm sorry. It's been a long afternoon. This is the third after many, many other hearings. Do you completely understand that under your plea agreement, except for prosecutorial misconduct that you discover after today, ineffective assistance of counsel that you discover after today, you are completely giving up your right to collaterally attack or challenge your sentence and how it's being carried out by filing a habeas corpus motion?

Def.     Ok. I understand. I don't know what a habeas corpus is.

Ct.     It's a collateral attack to your sentence and how it's being carried out.

Def.     I understand.

Ct.     You're giving that up in your plea agreement, do you understand that much?

Def. Yes.

Ct. You read that in your plea agreement.

Def. Yes.

Ct. And you went over it with Mr. Harris.

Def. Yes.

Ct. Now, do you know of any prosecutorial misconduct as you sit here today, in other words, abuse of process by the prosecution?

Def. No.

Ct. Do you know of any ineffective assistance of counsel by Mr. Harris as you sit here today?

Def. No.

Ct. The only thing you reserve to yourself is if after today you find out Mr. Harris screwed up in your case or you find out Ms. Morgan's office abused its powers in your case, do you understand that?

Def. Yes.

Ct. Otherwise, it's gone. Your right to file that writ of habeas corpus motion is gone, do you understand that?

Def. I do.

Ct. Have I made it clear now?

Def. Yes.

From the colloquy, the undersigned determined that Defendant understood her appellate and collateral attack rights and knowingly gave up those rights pursuant to the condition contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to her knowledgeable and voluntary execution of the written plea bargain agreement, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned then inquired of Defendant regarding her understanding of the written plea agreement. Defendant stated she understood the terms of the written plea agreement and also stated that it, along with the two representations discussed above, contained the whole of her agreement with the Government and promises or representations were made to her by the Government or other persons, including her own attorney, other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further inquired of Defendant, her counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Thirteen of the Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court. The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the felony charged under Count Thirteen of the Indictment. Only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulation contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the

event the District Court Judge refused to follow the non-binding recommendations or stipulation contained in the written plea agreement and/or sentenced her to a sentence which was different from that which she expected, she would not be permitted to withdraw her guilty plea. Defendant acknowledged her understanding and Defendant maintained her desire to have her plea of guilty accepted.

Defendant also understood that her actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that she understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced her to a higher sentence than she expected, she would not have a right to withdraw her guilty plea. Defendant further stated her attorney showed her how the advisory guideline chart worked but did not promise her any specific sentence at the time of sentencing. Defendant stated that she understood her attorney could not predict or promise her what actual sentence she would receive from the sentencing judge at the sentencing hearing. Defendant further understood there was no parole in the federal system, although she may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

The Court would generally hear the testimony of a Government witness at this point in the hearing to support an independent basis in fact for the guilty plea. In this case, the parties agreed that the Government would provide a proffer. The Government proffered that on January 10, 2013, the White Hall Police Department received a complaint from the Red Roof Inn about two vehicles that had been in the hotel's parking lot. Staff at the Red Roof Inn indicated that individuals were exchanging items in a way that suggested a drug deal. Subsequently, Officer Kreps followed a

7

Mitsubishi Eclipse onto Middletown Road and made a traffic stop when he was unable to see the vehicle's registration. The stop occurred in Marion County, West Virginia, within the Northern District of West Virginia. The vehicle was operated by co-defendant Natasha Selman. Defendant, co-defendant Brian Barnes, and another man not charged in the instant case were passengers. The man who was not charged gave a fake name; the others claimed that they had no identification. A State Police trooper arrived to give assistance and observed drug paraphernalia in plain view. A canine unit alerted on the driver's side door. Officers could see a bulge at the top of Defendant's shirt. Defendant had taped sixty (60) foil packages of bath salts taped to her chest. All of the individuals were arrested, the car was impounded, and a state search warrant was later obtained for a search of the vehicle. In the car were various items showing that the bath salts were intended for human consumption, including a pill crusher, snorting tubes, a lightbulb, a syringe, burned aluminum foil, straws with residue, and pipes with residue. There were also empty packages of bath salts that were identical to the ones that had been taped to Defendant's chest. In her purse, Defendant had a citation dated January 9, 2013, from Harrison County, West Virginia, for possession of bath salts, as well as a citation from Ohio for felony possession of bath salts. In Defendant's backpack and Selman's purse was packaging material for repackaging bath salts. The packages of bath salts that had been taped to Defendant's chest were marked "Power X." The DEA laboratory confirmed that those packages contained α-PVP, a controlled substance analogue.

Defendant, Jessica Earnest, with the consent of her counsel, Jeff Harris, proceeded to enter a verbal plea of **GUILTY** to the felony charge in Count Thirteen of the Indictment.

Defendant stated she heard, understood, and did not disagree with the Government's proffer. The undersigned United States Magistrate Judge concludes the offense charged in Count Thirteen

8

of the Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense. That independent basis is provided by the Government's proffer.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood her right to have an Article III Judge hear and accept her plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting her plea; Defendant understood the charges against her, not only as to the Indictment as a whole, but in particular as to Count Thirteen of the Indictment; Defendant understood the consequences of her plea of guilty, in particular the maximum statutory penalty to which she would be exposed; Defendant made a knowing and voluntary plea of guilty to Count Thirteen of the Indictment; and Defendant's plea is independently supported by the Government's proffer, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to Count Thirteen of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is released pursuant to the Order Setting Conditions of Release previously entered.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District

Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 21st day of November, 2014.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE